UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-22373-FAM

WINDY LUCIUS,

    Plaintiff,

v.

AUTOZONE, INC.,

    Defendant.
_____/

## **STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff Windy Lucius and Defendant Autozone, Inc. stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until August 31, 2022, for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the Confidential Settlement Agreement and Release of Claims, which reads (in full) as follows:

> Autozone shall, within twenty-four (24) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the App or Apps that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the App(s) ("**ADA Compliant**") ("**Remediation**"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the

App(s) shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities.  (The term "**Third-Party Content**" refers to web content that is not developed, owned, or operated by AutoZone.)  The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, the Eleventh Circuit Court of Appeals or the U.S. Department of Justice.  However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court or the Eleventh Circuit Court of Appeals renders a decision, pursuant to which the App(s) is/are not considered a service of a place of public accommodation or business establishment under the Disability Laws, it is understood that AutoZone will be relieved of the obligations set forth in this Section 2(C).  If AutoZone's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of AutoZone' control, the deadline shall be extended for the length of the delay.

Each party shall bear his or its own costs and fees, including attorneys' fees, incurred with this action.  The effectiveness of this stipulation is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the parties' settlement agreement.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

Dated: September 9, 2020.

Respectfully submitted

| | |
|---|---|
| */s/ J. Courtney Cunningham* | */s/ Paul De Boe* |
| J. Courtney Cunningham, Esq. | Paul J. De Boe, Esq. |
| Florida Bar No. 628166 | Florida Bar No.: 52051 |
| cc@cunninghampllc.com | paul.deboe@ogletreedeakins.com |
| J. COURTNEY CUNNINGHAM, PLLC | OGLETREE, DEAKINS, NASH, |
| 8950 S.W. 74th Court, Ste. 2201 | SMOAK & STEWART, P.C. |
| Miami, FL 33156 | Two Datran Center |
| Telephone:  305.351.2014 | 9130 S. Dadeland Boulevard, Ste. 1625 |
| Facsimile:  305.513.5942 | Miami, Florida  33156 |
| *Counsel for Plaintiff* | Telephone:  305.374.0506 |
| | Facsimile:  305.374.0456 |
| | *Counsel for Defendant* |